```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

DARSAN WANG,

    Plaintiff,

v.                              Case No. 8:16-cv-2050-T-33AAS

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

This cause is before the Court pursuant to Defendant United States of America's Motion to Dismiss (Doc. # 6), filed on September 19, 2016. Pro se Plaintiff Darsan Wang failed to file a response in opposition to the Motion pursuant to the local rules and the time to do so has now passed. For the reasons that follow, the Motion is granted.

## I. Background

The following factual allegations are taken as true from Wang's Complaint (Doc. # 1) for the purposes of resolving this Motion to Dismiss. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 73 (11th Cir. 1990). From July of 1991, until his retirement in 2011, Wang was an employee at the United States Department of Agriculture, Forest Service. (Doc. # 1 at 4). As a federal employee, Wang was eligible for

life insurance through the Office of Personnel Management's (OPM) Federal Employees' Group Life Insurance (FEGLI). (Id.) On July 18, 1991, Wang elected "basic" life insurance coverage by completing the FEGLI election form, Standard Form 2817. (Id. at 4, 16). Then on August 24, 1992, Wang completed a new SF-2817 to add Option B coverage, which increased his coverage to five times his annual pay. (Id. at 4, 17). A human resources officer then signed the new SF-2817, certifying Wang's eligibility. (Id. at 17). The premiums for this increased coverage were deducted from Wang's pay from August of 1992 until April of 2004 when Wang executed a third SF-2817 to remove the additional insurance provided by Option B and maintain only basic coverage. (Id. at 12).

On May 15, 2015, Wang filed a complaint against OPM and FEGLI in the United States District Court for the Eastern District of Wisconsin. (Id. at 1). Wang filed the claim seeking money damages under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). In his previous complaint, Wang contended that he was ineligible to elect the increased Option B coverage because an employee can only elect to make changes to their coverage within the first 60 days of employment.(Id. at 4). Therefore, Wang alleges the agency was negligent in allowing him to increase his level of coverage. (Id.) The

Eastern District of Wisconsin dismissed Wang's claim without prejudice because he failed to exhaust administrative remedies under the FTCA before filing suit in federal court. (Id. at 10).

Subsequently, in 2015, Wang moved to and became a legal resident of Florida. (Id. at 1). Then on April 12, 2016, Wang filed an administrative tort claim with the OPM. (Id. at 13). On May 2, 2016, the agency denied Wang's claim, finding that he "failed to state a cognizable claim of action against OPM, . . . upon which relief can be granted under the FTCA." (Id. at 14).

As a consequence of the administrative denial, Wang filed this Complaint in this Court against the Government for money damages under the FTCA, in order to recover the increased premiums and other damages. In the Motion to Dismiss, the Government argues that Wang's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5), and (b)(6). (Doc # 6 at 1). The Motion is unopposed and ready for the Court's consideration.

II. **Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must

zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). The party invoking jurisdiction bears the burden of demonstrating that the matter falls within the court's subject matter jurisdiction. Curry v. High Springs Family Practice & Diagnosis Ctr., No. 1:08-cv-00008-MP-AK, 2009 WL 3163221, at *2 (N.D. Fla. Sept. 30, 2009).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6), Fed. R. Civ. P., does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

The Court construes pro se pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Additionally, pro se litigants must follow all procedural rules. Id.

**III.  Analysis**

The Government moves to dismiss Wang's Complaint on three grounds. First, the Government asserts that this Court lacks personal jurisdiction over the Government pursuant to Rule 12(b)(2) because Wang's service of process on the United States Attorney's Office was insufficient pursuant to Rule 12(b)(4)-(5). Second, the Government asserts that the Court should dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Wang lacks Article III standing. Third, the Government asserts that Wang's claim is well beyond any applicable statute of limitations.

As the Court finds that it lacks jurisdiction in this case, the Court need not address the statute of limitations of Wang's claims.

**A. <u>Service of Process and Personal Jurisdiction</u>**

Rule 4(c), Fed. R. Civ. P., prescribes that the plaintiff bears the responsibility of effecting service. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990). A defendant may assert the defense of insufficient service of process by way of a pre-answer motion. Fed. R. Civ. P. 12(b)(5).

The procedure for service of process upon the United States is set forth in Rule 4(i), as follows:

> (1) United States. To serve the United States, a party must:(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed R. Civ. P. 4(i).

The Government asserts that Wang failed to properly serve the U.S. Attorney's Office because Wang did not obtain issuance of a summons from the Clerk as to the Government, meaning he could not have sent a copy to the Government. (Doc # 6 at 22). As the Government notes, the docket indicates that Wang did not acquire a summons in accordance with Rule 4(b). (Doc # 6 at 21). Next, the Government claims the service of the Complaint itself was insufficient. (Id. at 22) In its Motion, the Government states that Wang served the U.S. Attorney's Office with a draft of his Complaint prior to filing the lawsuit, but never properly served a copy on the U.S. Attorney's Office after the lawsuit was filed. (Id.)

Therefore, Wang did not effect valid service of process on the U.S. Attorney General under Rule 4(i). Consequently, this Court lacks personal jurisdiction over the Government and the Motion to Dismiss is granted pursuant to Rule 12(b)(4)–(5) and Rule 12(b)(2).

If a defendant is not served within the time limit prescribed in Rule 4(m), "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P.

7

4(m). However, as the Court also finds that Wang lacks standing to bring an FTCA claim, the case is dismissed with prejudice.

## B. Article III Standing

A party invoking federal jurisdiction, has the burden of demonstrating his standing to sue. Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1286 (11th Cir. 2010). "To do so, he must show that: (1) he has suffered, or imminently will suffer, an injury-in-fact; (2) the injury is fairly traceable to the defendants' conduct; and (3) a favorable judgment is likely to redress the injury." Id.

The Government asserts that Wang lacks Article III standing because he suffered no injury-in-fact. In order to meet the first element for standing, a plaintiff "must have suffered an injury-in-fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Wang contends that he suffered an injury, in the form of higher premium payments, when he elected to increase his life insurance coverage because he was not eligible to do so. Therefore, Wang asserts the agency for which he worked was

8

negligent in allowing him to increase his level of coverage. (Doc # 1 at 2-3). Wang's argument focuses on his interpretation of the FEGLI policy election rule, which says that a change in coverage can only occur in the "[f]irst 60 days as a new or newly eligible employee." (Id. at 2).

However, Wang's interpretation of the FEGLI election rules is unsound. As stated in both the Government's Motion and the letter from the OPM, which Wang included with his Complaint, there are three exceptions to the general 60-day rule. (Doc. # 1 at 13; Doc. # 6 at 9). In its letter, OPM lists the three opportunities that employees have to change their election: "(1) during an Open Season; (2) by providing medical information; or (3) by experiencing a life event." (Doc. # 1 at 13). When Wang increased his coverage, he indicated code one on the FEGLI election form, SF-2817, which reflects a change in coverage based on the employee providing medical evidence to FEGLI. (Id. at 13, 17). This permitted change is also codified in 5 C.F.R. § 870.506 (b)(2) which states:

> An employee who has Option B coverage of fewer than five multiples of annual pay may increase the number of multiples if at least 1 year has passed since the effective date of his or her last election of fewer than five multiples (including a reduction in the number of multiples), and the employee

9

> provides satisfactory medical evidence of insurability.

Wang elected basic life insurance coverage on July 18, 1991 and then on August 24, 1992, more than a year after the effective date of his last election, completed a new SF-2817 to add Option B coverage and increase his coverage to five times his annual pay. (Doc # 1 at 12, 16, 17). The human resources officer then signed the new SF-2817, certifying Wang's eligibility. (<u>Id.</u> at 17). Therefore, Wang was eligible to increase his coverage, willingly did so by completing the new SF-2817, and, as a result, "authorize[d] deductions to pay the full cost" of the additional coverage. (<u>Id.</u>).

Wang's change in coverage and premiums occurred because he requested the increased coverage. Wang has failed to show how allowing him to do so was an adverse action by the Government or how it caused any concrete injury. The fact that Wang paid higher premiums as a result of the voluntary increase in coverage does not meet the definition of an injury-in-fact. Furthermore, even if Wang had not been eligible to increase his life insurance coverage—for instance, if he did not provide the medical evidence required—the improper approval still benefitted Wang. While the coverage remained in effect for twelve years, Wang's

beneficiaries would have been able to receive the higher death benefit if he had passed away despite the improper approval. See 5 C.F.R. § 870.104(a) ("If an individual erroneously becomes insured, the coverage will remain in effect if at least 2 years pass before the error is discovered, and if the individual has paid applicable premiums during that time. . . .").

Based upon the foregoing analysis, the Court finds that Wang has not established an injury-in-fact. As this Court has noted, "A plaintiff's failure to establish one of the three elements of Article III standing deprives federal courts of jurisdiction to hear the plaintiff's suit." Winser v. Locke, No. 8:11-cv-1283-T-33AEP, 2011 WL 6019933, at *8 (M.D. Fla. Dec. 2, 2011) (quoting Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council, 364 F.3d 269, 273 (5th Cir. 2004)). Thus, it is unnecessary to analyze the remaining elements of standing. The Court finds that Wang lacks standing and, as a consequence, this Court lacks subject matter jurisdiction in this case. Therefore, Defendant's Motion to Dismiss is granted pursuant to Rule 12(b)(1). See Fed. R. Civ. P. 12(b)(1).

**IV.   Conclusion**

For the proceeding reasons, the Court grants the Government's Motion to Dismiss (Doc. # 6). This case is dismissed with prejudice for lack of standing pursuant to Rule 12(b)(1).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant United States of America's Motion to Dismiss (Doc. # 6) is **GRANTED.**

(2) This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to terminate all pending motions and deadlines, and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2016.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE